UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN JACKSON,<br>  Plaintiff,<br>  v.<br>STATE OF ARIZONA,<br>  Defendant. | NO. CV 11-3861-GW (AGR)<br><br>ORDER TO SHOW CAUSE |

On May 4, 2011, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983.

For the reasons discussed below, the Court orders Plaintiff to show cause, on or before **June 10, 2011**, why this Court should not recommend dismissal of the complaint based on improper venue.

**I.**

**THE COMPLAINT**

In 1996, Plaintiff was convicted in Arizona of kidnapping and sexual assault. (Complaint at 4); *see also Jackson v. Stewart*, 35 Fed. Appx. 663 (9th Cir. 2002); *Jackson v. Maricopa County Public Defender's Office*, 293 F3d. Appx. 476 (9th Cir. 2008). According to Plaintiff, on April 28, 2011, the Arizona Court of Appeals denied his motion for a change of venue. (Complaint at 2.) Plaintiff

alleges he was wrongfully convicted because of a false police report, a warrantless search and seizure, the submission of false information to a grand jury, and jury tampering. (*Id.*) Plaintiff asks this Court to "assume jurisdiction" and award $2,500,000 in damages. (*Id.* at 10.)

**II.**

**VENUE**

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (applying § 1391(b) to § 1983 claim).

The sole defendant is the State of Arizona. All of the events or omissions giving rise to Plaintiff's claims occurred in Arizona.

Accordingly, Plaintiff must explain why his action should not be dismissed based on improper venue. *See Costlow*, 790 F.2d at 1488 ("the district court ha[s] the authority to raise the issue of defective venue on its own motion"); *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district, shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

**III.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***June 10, 2011***, Plaintiff shall show cause, if there be any, why this Court should not dismiss the complaint without prejudice.

| | |
|---|---|
| 1 | |
| 2 | **Plaintiff is advised that if he fails to timely respond to this Order to** |
| 3 | **Show Cause, the Court will recommend dismissal without prejudice based** |
| 4 | **on improper venue.** |
| 5 | |
| 6 | |
| 7 | DATED: May 10, 2011 |
| 8 | |

DATED: May 10, 2011

_/s/ Alicia G. Rosenberg_
ALICIA G. ROSENBERG
United States Magistrate Judge